

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

Nos. 07-18-00244-CR
07-18-00245-CR

———————————————

JOEL FLOYD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 71,537-E & 71,538-E; Honorable Douglas R. Woodburn, Presiding

October 16, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Joel Floyd, proceeding *pro se*, appeals his convictions for aggravated sexual assault of a child[1] and indecency with a child by sexual contact.[2]  The trial court

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1), (2)(B) (West Supp. 2018).

[2] TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2018).

sentenced Appellant to five years confinement for aggravated sexual assault of a child, suspended in favor of community supervision for five years, and two years confinement for indecency with a child, suspended in favor of community supervision for two years. We dismiss the appeals for want of prosecution.

The clerk's record and reporter's record were originally due July 23, 2018, but were not filed because Appellant did not make acceptable payment arrangements. *See* TEX. R. APP. P. 35.3(a)(2), (b)(3). On August 24, 2018, we remanded the causes to the trial court to determine, among other things, whether Appellant still desired to prosecute the appeals and whether he was entitled to have the clerk's record and reporter's record furnished without charge. The trial court scheduled a hearing for September 12, 2018. Although the trial court provided notice of the hearing to Appellant, he did not appear. Thus, the trial court considered Appellant's previously filed financial information sheet and concluded that Appellant was not entitled to a free copy of the appellate record. The trial court issued findings of fact and conclusions of law and the appeals were reinstated on our docket.

By letter of September 19, 2018, we again directed Appellant to make acceptable payment arrangements for the clerk's record and reporter's record. We advised him that failure to comply by October 3, 2018, would result in dismissal of the appeals for want of prosecution. *See* TEX. R. APP. P. 37.3(b) (authorizing dismissal of an appeal for want of prosecution if the clerk's record is not filed due to appellant's failure to make payment arrangements, provided appellant is not entitled to proceed without payment of costs and has a reasonable opportunity to cure the omission before dismissal); *Coronado v. State*,

No. 07-11-00302-CR, 2012 Tex. App. LEXIS 334, at *2 (Tex. App.—Amarillo Jan. 13, 2012, no pet.) (per curiam) (mem. op., not designated for publication).

To date, Appellant has not paid for the clerk's record or reporter's record. Having given Appellant a reasonable opportunity to cure this omission, we dismiss the appeals for want of prosecution. TEX. R. APP. P. 37.3(b).

Per Curiam

Do not publish.